Steven D. **FRICKE** and Cheryl Fricke, **Appellants–Plaintiffs,**

v.

Lynnette **GRAY,** Appellee–Defendant.

No. 49A02–9705–CV–00281.

Court of Appeals of Indiana.

April 28, 1999.

James C. Spencer, Indianapolis, Indiana, Attorney for Appellants.

Peter A. Schroeder, Ellen White Quigley, Norris, Choplin & Schroeder, Indianapolis, Indiana, Attorney for Appellee.

## ON PETITION FOR REHEARING

RATLIFF, Senior Judge

In their petition for rehearing, the Frickes contend that we have misstated the record with regard to the admission of the Frickes' income tax returns. They claim that the evidence erroneously was admitted over an objection based upon relevance and a motion in limine with respect to fraud.

The record does reflect that the trial court ruled on one of their motions in limine that evidence of fraud and arson would not be admitted at trial because Gray had not affirmatively pleaded those defenses pursuant to Ind.Trial Rule 8(C). Our discussion of that issue appears in section VI of the opinion. However, the trial court specifically ruled on a motion in limine that income tax return evidence would be admitted at trial.

■ In our discussion of the admission of the income tax return evidence, in section II of the opinion, we correctly stated what the record reflects. The objection to the income tax return evidence at trial was "in addition to the uh, previous objection also, violation of Motion in Limine." (R. 552). The previous objection was one based on relevance. While we acknowledge that the Frickes did argue in their brief that the objection made was relevance and a violation of a motion in limine with respect to fraud, Appellant's Brief at 16, our statement of the record and the section of our opinion dealing with it is correct. The objection made was a general objection which does not preserve error for appellate review. Further, the objection relating to a violation of a motion in limine was not a specific objection, in that it did not identify which motion in limine was violated or the subject covered by the motion, i.e., fraud, arson, or income tax returns.

Petition for rehearing denied.

STATON, J., and DARDEN, J., concur.